# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RONALD L. HAYWARD,**

            Civil No. 2:19–cv–224
    Petitioner,          Chief Judge Edmund A. Sargus, Jr.
            Magistrate Judge Kimberly A. Jolson

    v.

**WARDEN, GRAFTON**
**CORRECTIONAL INSTITUTION,**

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 2.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Petitioner has also filed an application for leave to proceed *in forma pauperis*. (Doc. 1.) The Court's electronic docket indicates that Petitioner has, however, paid the $5.00 filing fee. Accordingly, the application to proceed *in forma pauperis* (Doc. 1) is **DENIED** as moot.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief because

he has failed to exhaust all of his claims. Accordingly, the Magistrate Judge **RECOMMENDS** that Petitioner's claims be **DISMISSED without prejudice**. The Magistrate Judge further **RECOMMENDS** that Petitioner's motion to stay this matter be **DENIED**. (Doc. 3.)

I. FACTS AND PROCEDURAL BACKGROUND

Petitioner challenges his conviction after a jury convicted him for one count of possession of marijuana and one count of trafficking in marijuana in violation of Ohio Revised Code §§ 2925.11 and 2925.03 in the Court of Common Pleas for Franklin County, Ohio. *State v. Hayward*, No. 17AP–390, 2018 WL 1448734, at *1–5, (Ohio Ct. App. March 23, 2018). Prior to trial, Petitioner filed a motion to suppress evidence obtained during a warrantless search of a box truck and a van located at a commercial trucking terminal. *Id*. at *1. After a suppression hearing, the state trial court found that the police officers had reasonable suspicion to conduct the search and therefore the state trial court denied the motion to suppress. *Id*. at *3. A jury subsequently tried and convicted Petitioner, and the state trial court sentenced him on November 4, 2015. *Id*. at *4. Petitioner appealed, asserting that the state trial court erred when it denied the motion to suppress. *Id.* The state appellate court found that the state trial court had used the wrong standard— reasonable suspicion instead of probable cause— and it remanded the case so that the state trial court could make appropriate factual findings relevant to a probable cause analysis and to determine if the police officers had probable cause to conduct the search. *Id.* On remand, the state trial court again denied the motion to suppress concluding that under the totality–of–the circumstances, the police officers had probable cause to believe that the box truck contained contraband and to search the van. *Id*. The state trial court issued an amended judgment on May 1, 2017, reinstating the original judgment of conviction on November 4, 2015. *Id*. at *5. Petitioner

filed a timely appeal of that determination in the state appellate court and raised the following three errors:

> [1.] The trial court erred when it denied Ronald Hayward's Motion to Suppress in violation of the Fourth Amendment to the U.S. Constitution, and Article I, Sec. 14 of the Ohio Constitution.
>
> [2.] The trial court violated Ronald Hayward's rights to due process and a fair trial when it entered a conviction against Mr. Hayward for Trafficking in Drugs, in the absence of sufficient evidence. Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.
>
> [3.] The trial court violated Ronald Hayward's rights to due process and a fair trial when it entered a judgment of conviction for Trafficking in Drugs, when that judgment was against the manifest weight of the evidence. Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

*Id*. On March 23, 2018, the state court of appeals overruled those three assignments of error and affirmed the state trial court's judgment. *Id*. at *9. Petitioner did not file a timely appeal of that determination with the Ohio Supreme Court. (Doc. 2, at PAGE ID ## 17, 21, 25.)

On January 9, 2019, Petitioner executed his petition for federal habeas relief and placed it in the prison mailing system. (Doc. 2, at PAGE ID # 37.) In it, Petitioner alleges that the warrantless search of the box truck violated his Fourth Amendment rights (Ground One); that the trafficking verdict was not supported by sufficient evidence (Ground Two); and that the possession and trafficking verdicts were against the manifest weight of the evidence (Ground Three).

The on–line docket for the Ohio Supreme Court indicates that on January 25, 2019, Petitioner filed a motion for delayed appeal in that court. *State of Ohio v. Hayward*, 19–109, Ohio Supreme Court, January 25, 2019. That motion remains pending. *See id*.

On February 2, 2019, Petitioner moved this Court for a stay of his claims in this action so that he can exhaust his claims in the Supreme Court of Ohio. (Doc. 3.)

## II. Petitioner's Claims Have Not Been Exhausted

Petitioner has failed to exhaust his three claims. A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In this case, Petitioner acknowledges that he did not exhaust any of his three claims by appealing the state appellate court's March 23, 2018, determination to the Ohio Supreme Court. Petitioner still has a state law procedure available to raise his claims in the Ohio Supreme Court—a motion for a delayed appeal to the Ohio Supreme Court pursuant to Ohio S. Ct. Prac. R. 7.01(A)(4). Indeed, he has availed himself of that procedure and filed a motion for delayed appeal. That motion remains pending. Accordingly, none of Petitioner's three claims have been exhausted.

## III. Petitioner's Claims Should be Dismissed Without Prejudice Instead of Stayed

Petitioner has moved for a stay. Accordingly, the Magistrate Judge must analyze whether Petitioner's claims should be dismissed without prejudice subject to renewal after Petitioner exhausts them in state court, or if they should be stayed and held in abeyance while he exhausts them. (Doc. 3.)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that a district court has the discretion to stay a "mixed petition," containing both exhausted and unexhausted claims, to permit a petitioner to present his unexhausted claim to the state courts, and then to return to federal court for review. Nonetheless, the Court made clear that stays under these circumstances should be granted sparingly. *Id.* at 277 (recognizing that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and that it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition"). Indeed, the Court explained that "stay and abeyance should be available only in limited circumstances," and is appropriate only if there is good cause for the Petitioner's failure to exhaust his claims first in state court. *Id.* at 277. In addition, the Court explained that even if good cause exists, a stay is inappropriate where the unexhausted grounds are plainly meritless. *Id.* Therefore, a district court abuses its discretion when it denies a stay and dismisses a mixed petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

This case does not, however, involve a mixed petition— none of Petitioner's claims have been exhausted. "[S]ome courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay–and–abeyance procedure to petitions, such as this, containing only unexhausted claims." *Peterson v. Warden, Pickaway Corr. Inst.*, No. 1:14–CV–604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015), *adopted by*, No. 1:14CV604, 2015 WL 3970286 (S.D. Ohio June 30, 2015) (listing cases). Moreover,

> [c]ourts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over

5

the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." . . . .

*Id.* (internal citations omitted).

In an unpublished decision, however, the Sixth Circuit considered the applicability of the stay–and–abeyance procedure in a case where the petition contained only unexhausted claims. *Hickey v. Hoffner*, 701 Fed. App'x. 422, 426 (6th Cir. June 30, 2017). After noting that other circuits have concluded that the stay–and–abeyance procedure can be used when a petition contains only unexhausted claims, *see id.* at n.5, the Sixth Circuit indicated that the process would only be appropriate when a petitioner can show that his unexhausted claims are not plainly meritless, and that there was good cause for his failure to present them to the state courts. *Id*. at 426. Thus, assuming *arguendo* that stay–and–abeyance is appropriate when a petition contains only unexhausted claims, Petitioner would not be warranted unless a petitioner can make those showings.

The Magistrate Judge finds that Petitioner has not shown good cause for his failure to exhaust his claims. In his motion seeking a stay, Petitioner acknowledges that he failed to exhaust his claims, but he offers no explanation as to why he failed to do so. (Doc. 3.) Similarly, in the petition, Petitioner indicates that he failed to file an appeal of his claims with the Ohio Supreme Court because he believed "he had the continuing services of his hired attorney to appeal to the Ohio Supreme Court." (Doc. 2, at PAGE ID ## 17, 21, 25.) He does not, however, indicate that he asked his attorney to file an appeal or that his attorney told him that he had done so. Petitioner's allegations thus fall short of establishing that a stay is warranted.

6

Moreover, the Magistrate Judge notes that a stay does not appear to be necessary in this case. In *Rhines*, the Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1–year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Thus, stay and abeyance should generally reserved for those cases where the AEDPA's one–year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court.

Here, it does not appear that the one–year period is at risk of expiring while Petitioner exhausts his remedies. Petitioner filed a motion for delayed appeal in the Ohio Supreme Court well before the one–year limitations period ended, and that limitations period will be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). In light of this, it appears that Petitioner will have sufficient time to exhaust his claims in the state courts and return to federal court should he wish to do so. He thus fails to show the need for a stay.

## IV. Recommended Disposition

For these reasons, the Magistrate Judge **RECOMMENDS** that Petitioner's claims be **DISMISSED without prejudice** for failure to exhaust; that Petitioner's motion seeking a stay (Doc. 3) be **DENIED**; and that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o: Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

**IT IS SO ORDERED**.

Date: February 20, 2019            /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE